UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FREDERICK ORMSBY,          Case No. 23-11214

    Plaintiff,                          F. Kay Behm
v.                                United States District Judge

UNITED STATES INTERNAL REVENUE
SERVICE, et al.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND
SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1, 4)**

Plaintiff James Ormsby, proceeding *pro se*, filed a complaint against the United States Internal Revenue Service (IRS) on May 23, 2023. (ECF No. 1). Plaintiff's allegations stem from the IRS's alleged failure to remit his 2020 and 2021 federal tax refunds. *Id.*, PageID.9; ECF No. 4, PageID.30. Plaintiff brings his case pursuant to 18 U.S.C. § 653, "disbursing officer misusing public funds," and 18 U.S.C. § 654, "officer or employee of United States converting property of another." *Id.*

Plaintiff filed an application to proceed *in forma pauperis* on May 23, 2023. (ECF No. 2). The court now finds the application supports his claims and **GRANTS**

1

Plaintiff's application to proceed *in forma pauperis*. However, for the reasons set forth below, the court **DISMISSES** Plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e).

I.  STANDARD OF REVIEW

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Frivolous claims include those that are "based on an indisputably meritless legal theory" or describe "fantastic or delusional scenarios." *Id.* at 327-28.

**II. ANALYSIS**

Title 18 U.S.C. §§ 653 and 654 are part of the United States Criminal Code. Generally, "there is a strong presumption that criminal statutes, enacted for the protection of the general public, do not create private rights of action" and cannot be enforced by a private citizen. *Smith v. Hickenlooper*, 164 F. Supp. 3d 1286, 1290 (D. Colo. 2016) (citations omitted); *see also Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979) ("the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."). Looking to the plain text of the two cited statutes, it does not appear that Congress intended to create a private right of action. *See also Pompura v. Paxton*, No. A-16-CV-1099-RP-ML, 2016 WL 11586260, at *3 (W.D. Tex. Sept. 30, 2016), *report and recommendation adopted*, No. 1:16-CV-1099-RP, 2016 WL 11586255 (W.D. Tex. Nov. 15, 2016) ("More specifically, courts have held there is no private right of action under…18 U.S.C. § 653) (citations omitted); *Cooney v. California Pub. Utilities Comm'n*, No. C 12-6466 CW, 2014 WL 4590040, at *1 (N.D. Cal. Sept. 15, 2014) (finding no private right of action to sue under 18 U.S.C. § 653).

Even if there were a private right of action to sue under these statutes, however, Plaintiff does not allege that any of the named Defendants engaged in

3

the specific prohibited conduct.  Title 18 U.S.C. § 653 charges an individual who, in part: "converts to his own use, or loans without interest, or deposits in any place or in any manner, except as authorized by law, any public money intrusted [sic] to him…"  Similarly, 18 U.S.C. § 654 charges any "officer or employee of the United States" who "embezzles or wrongfully converts to his own use the money or property of another which comes into his possession or under his control in the execution of such office or employment…"  Plaintiff alleges that his "Federal Tax Return for the tax year 2020 was filed as required by Federal law" but "[t]he United States Internal Revenue Service has failed to cause a refund in the amount of $1,445.00."  (ECF No. 1, PageID.9).  Additionally, Plaintiff alleges that "Defendants, INTOTAL, as listed in the original filing have failed to refund the 2021 refund amount of $891.00."  (ECF No. 4, PageID.31).  Nowhere in Plaintiff's claim does he allege that any of the named Defendants have misused, converted, or embezzled any of his refund money, just that they failed to properly remit it.  Likewise, Plaintiff's complaint does not sufficiently state a claim under either of these statutes.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's claims are "based on an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327-28.  Therefore,

while Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28. U.S.C. § 1915(e).

    **SO ORDERED**.

Date: October 12, 2023                       s/ F. Kay Behm
                                                     F. Kay Behm
                                                     United States District Judge